IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-405-BO

ROSA HUBBARD WEAVER, )
    Plaintiff, )
)
v. ) **ORDER**
)
CAROLYN W. COLVIN, *Acting* )
*Commissioner of Social Security*, )
    Defendant. )

This matter is before the Court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on the motions before the undersigned on May 7, 2014, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Acting Commissioner is remanded for further proceedings.

## BACKGROUND

On March 23, 2010, plaintiff protectively filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, as well as an application for supplemental security income pursuant to Title XVI of the Social Security Act. In both applications, plaintiff alleged an onset date of March 17, 2009. After her claims were denied initially and upon review, an Administrative Law Judge (ALJ) conducted a hearing and considered plaintiff's claims de novo. The ALJ found that plaintiff had not been under a disability and was not entitled to benefits under either Title II or Title XVI. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then

timely sought review in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20

2

C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date, and at step two found that plaintiff had the following severe impairments: spine disorder, hypertension, osteoarthritis, affective disorder, anxiety-related disorder, and substance abuse disorder. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. The ALJ found that plaintiff had an RFC to perform light work with exertional and non-exertional limitations. At step four, the ALJ found that plaintiff could not perform her past relevant work, but found at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that

3

plaintiff could perform. Thus, the ALJ found plaintiff not to be disabled as of the date of his decision.

An RFC finding should reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). Here, the ALJ's RFC finding is not supported by substantial evidence and remand is therefore appropriate. Light work requires the ability to lift twenty pounds occasionally, ten pounds frequently, and a good deal of either walking or standing or a good deal of sitting with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567. Plaintiff's treating physician opined in a medical source statement that plaintiff's lower back pain would increase with prolonged standing, sitting, or walking. Tr. 593. The ALJ afforded this opinion little weight, noting that plaintiff was as late as August 2011 receiving mainly injections and medication for her pain and that surgery had not been recommended. Tr. 32. The ALJ further noted that the clinical abnormalities present were not what one would expect if the claimant was disabled. *Id.*

While much of the medical source statement does grossly limit plaintiff's functional abilities, the first page, wherein Dr. Negron noted plaintiff's difficulty with standing, sitting, and walking due to back pain, includes limitations and explanations specific to plaintiff. Further, the fact that plaintiff was not a candidate for surgical intervention does not necessarily imply that she was without pain in her lower back, as abnormalities in her lumbar spine were documented by MRI. The medical evidence in the record supports Dr. Negron's opinion that prolonged sitting, standing, or walking could aggravate plaintiff's pain, and a remand in order for the ALJ to more fully address whether any additional limitation to plaintiff's RFC is necessary in order to account

4

for such finding.

Additionally, though the ALJ discusses the presence of a hand tremor in plaintiff's medical records, he does not address its impact on plaintiff's RFC or note that the tremor has resolved or is no longer present. *See* 20 C.F.R. § 416.945 (even medical impairments that are not severe are considered when assessing a claimant's RFC). As this symptom could further erode the occupational base available to plaintiff, remand is again appropriate so that the ALJ might specifically consider the impact of plaintiff's hand tremor on her RFC.

## CONCLUSION

For the foregoing reasons, plaintiff's motion [DE 23] is GRANTED, defendant's motion [DE 25] is DENIED, and the decision of the Acting Commissioner is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED. This 29 day of May, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE