IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-405-BO

ROSA HUBBARD WEAVER, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
CAROLYN COLVIN, )
Acting Commissioner of Social Security, )
)
    Defendant. )
)

This matter is before the Court on plaintiff's motion for attorney's fees pursuant to 28 U.S.C. §2412(d), the Equal Access to Justice Act ("EAJA") [DE 31]. For the reasons discussed below, plaintiff's motion is GRANTED.

## BACKGROUND

Ms. Weaver sought appellate review of the Commissioner's decision before this Court on June 4, 2013. On May 7, 2014, a hearing was held in Elizabeth City, North Carolina. On May 30, 2014, this Court remanded the matter back to the Commissioner for further proceedings. [DE 29]. Plaintiff now seeks an award of attorney's fees under the EAJA in the amount of $6,756.71 for 35.5 hours of attorney time spent on the appeal. The Commissioner opposes the award of fees arguing that its position was substantially justified and therefore an award under the EAJA is not permitted and that, if the Court awards a fee, the requested fee is based on a miscalculation and is too high.

## DISCUSSION

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in a civil action, including proceedings for judicial review of agency action." 28 U.S.C. §2412(d)(1)(A). Attorney's fees can be awarded to the prevailing party if the position of the United States was not "substantially justified" in defending its claim. *Id.* "Substantially justified" means that the Government's position must have had "a reasonable basis both in law and fact," both at the administrative and judicial levels. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Both the Supreme Court and Fourth Circuit have held that "substantially justified" does not mean justified to a high degree, but instead "justified in substance or in the main," or "justified to a degree that could satisfy a reasonable person." *Id.* at 565–66; *United States v. Paisley*, 957 F.2d 1161, 1165 (4th Cir. 1992).

The Commissioner points to the Fourth Circuit's decision in *Meyer v. Colvin*, 754 F.3d 251 (4th Cir. 2014), as standing for the proposition that if a matter is remanded to the agency for further consideration of evidence that had been before the agency previously, such situation does not merit an award of EAJA fees. However, the Fourth Circuit's decision in *Meyer* does not direct any such finding by this Court. Rather, in applying an abuse of discretion standard of review, the Fourth Circuit noted that when "determining whether the [G]overnment's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [G]overnment acted reasonably in causing the litigation or in taking a [particular] stance during the litigation." *Id.* at 255 (alterations in original)(citation omitted).

Here, viewing the totality of the circumstances, the Court finds that the government's position is not substantially justified and an award of EAJA fees is appropriate in the amount

2

petitioner requests. The Appeals Council should have remanded the matter back to the Administrative Law Judge on its own and the Commissioner should have conceded that point when faced with this litigation. As such, the Commissioner's position in contesting the litigation to the extent it did here could not satisfy a reasonable person. Accordingly, petitioner's motion for fees is granted.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for attorney's fees under the EAJA is GRANTED. On the basis of plaintiff's motion and supporting documents, it is ORDERED that the Commissioner of Social Security pay $6,756.71 in attorney's fees in full satisfaction of any claim for fees, costs, and other expenses pursuant to the EAJA.

SO ORDERED.

This 13 day of August, 2014.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE